## SOUTHERN EXPRESS COMPANY *v.* WILLIAM GLENN & SONS.

1. CARRIERS OF GOODS. *Express Company. Loss. Act of God.* An express company, as a common carrier of money and valuables, is not liable for losses resulting from the "act of God, the public enemy, mobs, riots," etc., unless it expressly insures against such losses in the contract of consignment.

2. SAME. *Notice of loss.* Under such circumstances, an express company, not being liable, is entitled to no notice whatever of the loss.

3. SAME. *Notice. When to be given.* In all cases of loss other than such as result from the "act of God," etc., the carrier being liable therefor, is entitled to actual notice of loss within thirty days after receiving the consignment, in order that the property may be traced.

### FROM SHELBY.

Appeal in error from the Circuit Court of Shelby county. J. O. PIERCE, J.

Southern Express Company *v.* Glenn & Sons.

GEORGE GILLHAM for Express Company.

HUMES & POSTON for Glenn & Sons.

DEADERICK, C. J., delivered the opinion of the court.

Plaintiffs in error received from T. H. Bell, the agent of Glenn & Sons, $856.70, as appears from their receipt, to be delivered to Glenn & Sons, in Cincinnati, by its line, or by delivering to other lines to complete the transportation.

The receipt was dated, Rutherford, Tennessee, February 13, 1872, and contained the following, amongst other stipulations: "This company is not to be liable in any manner, or to any extent, for any loss, damage or detention of such package, or of its contents, or of any portion thereof, occasioned by the acts of God, or the public enemy, mobs, riots and other casualties mentioned, unless specially insured by this company, and so specified in this receipt. In no event is this company to be liable for a greater sum than that above mentioned, nor shall it be liable for any *such loss*, unless the claim therefor shall be made in writing at this office within thirty days from this date."

The jury rendered a verdict against the company, and the court refusing a new trial, it appealed in error to this court. The Referees have recommended a reversal of the judgment, and defendants in error have excepted to their report.

Bell, the collecting agent, had sent $856.70 by said company to plaintiffs below. The package was endorsed as containing that amount, and was received

February 16, 1872, by Glenn & Sons, being three days after the date of the receipt, and when opened contained but $656.70, $200 less than it was said to contain; and suit was brought to collect this deficit.

No notice of the loss was given to the company until six or seven months after the date of the receipt.

The error complained of by the company arises upon the charge of the court. The court charged the jury that the stipulation in the receipt for thirty days' notice of the loss need not be considered by them, because that stipulation applied only to the case of a loss by the act of God, or of a mob, or the other specified causes of exception for which defendant was not to be liable, unless it was so specified in the contract. It was because of this error in the charge that the Referees recommend a reversal of the judgment. The receipt or contract expressly exonerates the company from any liability for loss, etc., occasioned by the act of God, mobs, riots, etc., unless expressed in the contract and insured in said receipt. No such undertaking appears in the receipt, and so the court told the jury, but he construed the words "any *such loss*" to apply to loss occurring from the enumerated causes, act of God, mobs, etc., from liability for which the company was expressly exempted by the contract.

The words "such loss" have reference to the loss of the package of money, not to the means by which the loss was occasioned. For if occasioned by any of the means specified by the express terms of the contract, the company was not liable, and no notice

was necessary, as it would not affect its liability whether given or not. But if the loss was occasioned by means which would not excuse the company, notice was necessary and proper to enable it to trace the lost package, and to hold it liable. We think the obvious construction of the contract is, that the company is not to be liable for loss, damage, etc., by act of God, by mob, riot, etc., unless it expressly undertakes to be so liable in the receipt, and no such undertaking was entered into in this case; and further, that for loss, damage or detention, by means other than those specially mentioned as exonerating the company from liability, the company is entitled to thirty days' notice from the date of the contract of such loss, by the express terms of said contract.

We are of opinion, therefore, that for this error in the charge the judgment should be reversed, and the report of the Referees approved.